**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CRAIG JEREMY RICHARDSON

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

        Defendant.

2:13–cv–01481–JCM–VCF

**REPORT & RECOMMENDATION**

Before the court is Plaintiff Craig Richardson's Application to Proceed *In Forma Pauperis* (#1).

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff's Application to Proceed *In Forma Pauperis* (#1) states that his monthly take home wages are $710.00, and that he has no money in his checking or savings accounts. (*Id.*) Plaintiff's application also states that his monthly expenses are $700.00. (*Id.*)

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard under 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

After reviewing the Plaintiff's application to proceed *in forma pauperis* (#1), the court finds that Plaintiff is financially unable to pay the court's filing fees. Plaintiff is, therefore, permitted to proceed *in forma pauperis*.

## II.  Screening Plaintiff's Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant or third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir.1992). A *pro se* plaintiff's complaint "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980); *Hanes v. Kerner*, 404 U.S. 519, 520–21 (1972).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

### III. Discussion

Plaintiff's complaint alleges that the Las Vegas Metropolitan Police Department, Officer Jeremy Jacobitz, and Officer "John Doe" Kvam violated Plaintiff's First, Fourth, Fifth, and Thirteenth Amendment rights. (Compl. (#1-1) at 4–6a). On September 4, 2012, Plaintiff alleges that Jacobitz and Kvam falsely arrested Plaintiff while Plaintiff was filming "what [he] perceived to be police brutality." (*Id*. at 4). According to Plaintiff's complaint, Jacobitz detained two individuals and "slamm[ed]" the head of one of the detainees against a car. (*Id*.) Officer Jacobitz noticed that Plaintiff was filming the incident on his cell phone and instructed Plaintiff to stop. (*Id*.) Plaintiff refused. (*Id*.) When Kvam appeared on the scene, Officer told Kvam that Plaintiff was involved in the events that led to the two detainees' arrest. (*Id*.) Kvam, then, allegedly handcuffed Plaintiff and destroyed his cell phone. (*Id.*) On August 19, 2013, Plaintiff filed suit against Jacobitz, Kvam, and the Las Vegas Metropolitan Police Department.

#### A. *Plaintiff's Claims against the Las Vegas Metropolitan Police Department Should be Dismissed*

Plaintiff's complaint alleges that the Las Vegas Metropolitan Police Department violated the Plaintiff's First, Fourth, Fifth, and Thirteenth Amendment rights. (#1-1). In support of the allegations against Las Vegas Metropolitan Police Department, Plaintiff asserts that Jacobitz and Kvam falsely arrested the Plaintiff. (*Id*.) Significantly, Plaintiff makes no allegations that the Las Vegas Metropolitan Police Department maintained official policies, customs, or practices permitting false arrest or the violation of citizens' First, Fourth, Fifth, and Thirteenth Amendment rights. (*Id.*) Plaintiff's claims against the Las Vegas Metropolitan Police Department are, therefore, meritless.

A local governmental unit may not be held responsible for the acts of its employee under a *respondeat superior* theory of liability. *Monell v. Dep't of Social Servs*., 436 U.S. 658, 691 (1978). Municipal liability may, however, be based on a municipal "custom or usage" having the force of law, even though it has "not received formal approval through the body's official decision-making channels."

3

436 U.S. at 691. In *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997), the Court held that "[a]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Claims for municipal liability under section 1983 can be "based on nothing more than bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988).

Plaintiff's complaint does not plead such bare facts. (*See* #1-1). Because it is clear from the face of Plaintiff's complaint that this deficiency cannot be cured by amendment, *see Cato*, 70 F.3d at 1106, the court finds that Las Vegas Metropolitan Police Department should be dismissed with prejudice as a Defendant.

### B.     *Plaintiff's First & Fourth Amendment Claims are Plausible*

As noted above, a *pro se* plaintiff's complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes*, 449 U.S. at 10 n. 7. Consequently, the court begins its analysis of the claims in Plaintiff's complaint by construing his constitutional claims as causes of action under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and law" of the United States (2) committed by a defendant acting under the color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In analyzing a claim under section 1983, the first step is to identify the specific constitutional rights allegedly infringed. *Id*. In the court's reading of Plaintiff's complaint, Plaintiff accuses Defendants of violating his First Amendment right to be free from retaliatory arrest for speech and Fourth Amendment right against unlawful seizure. (*See* (#1-1) at 4–5). To succeed on a First or Fourth Amendment claim, Plaintiff must demonstrate that he was arrested without probable cause. *See, e.g.*, *Armes v. City of Philadelphia*, 706 F. Supp. 1156, 1163 (E.D. Pa 1989) (citing *Losch v. Borough of Parksburg*, 736 F.2d 903 (3d Cir. 1984) (discussing First Amendment violations);

*Graham v. Connor*, 490 U.S. 386, 388 (1989) (discussing the Fourth Amendment). "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)). If the facts in Plaintiff's complaint are taken as true, then Jacobitz and Kvam did not have probable cause to arrest Plaintiff because he was a mere bystander.

Under the second element of the section 1983 test, Plaintiff must show that Officers Jacobitz and Kvam acted under the color of state law when they allegedly violated Plaintiff's constitutional rights. *Adickes*, 398 U.S. at 150. If the facts in Plaintiff's complaint are taken as true, then Officers Jacobitz and Kvam acted under the color of state law because the Jacobitz and Kvam were acting in their official capacity as Las Vegas Metropolitan Police Officers. As a consequence, the court finds that Plaintiff's First Amendment claim (Count I) and Fourth Amendment Claim (Count II) may proceed.

### C. *Plaintiff's Fifth Amendment Claim Should Be Dismissed*

Plaintiff also alleges that Jacobitz and Kvam violated his Fifth Amendment rights. The complaint does not specify which Fifth Amendment right the Defendants allegedly violated. The complaint merely states that "Officer Jacobitz violated my 5th Amendment right by his willingness to unlawfully detain me, filing a false statement in two different courts, his lack of care of my life and freedoms taken from me by his actions." (#1-1 at 6). Presumably, Plaintiff believes that Defendants violated his Fifth Amendment right to due process.

This claim, however, is not legally cognizable. Although the Fifth Amendment was intended to prevent the government "from abusing [its] power, or employing it as an instrument of oppression," *see DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989), the Fifth Amendment does not apply to the states. *See Capital City Dairy Co. v. Ohio*, 183 U.S. 238 (1901) (the

Fifth Amendment only applies to conduct by the Federal Government). Moreover, even if Plaintiff alleged that the Defendants violated his Fourteenth Amendment right to due process, this claim would also fail. *See United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.") Because it is clear from the face of Plaintiff's complaint that his Fifth Amendment claim cannot be cured by amendment, *see Cato*, 70 F.3d at 1106, the court finds that Plaintiff's Fifth Amendment claim (Count III) should be dismissed with prejudice.

### D.   *Plaintiff's Thirteenth Amendment Claim Should Be Dismissed*

Plaintiff further alleges that Jacobitz and Kvam violated his Thirteenth Amendment rights. The Thirteenth Amendment provides, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII § 1. Plaintiff's complaint alleges that Defendants violated Plaintiff's Thirteenth Amendment rights because "Officer Jacobitz['s] actions of detaining me without probable cause, arresting me falsely, falsely imprisoning me, and testifying falsely against me caused me to be subjected to time in jail for needless and unjust cause." (#1-1 at 7).

This claim fails. Even assuming a private right of action exists under section 1983 for a Thirteenth Amendment violation, Plaintiff has not pled any facts that can be charitably construed as allegations of involuntary servitude. Although it is well-settled that the term "involuntary servitude" is not limited to chattel slavery-like conditions, *see Slaughter–House Cases*, 83 U.S. 36, 69, 16 Wall. 36, 21 L.Ed. 394 (1872), and may apply pre-trial detainees' forced labor, *see McGarry v. Palito*, 687 F.3d 505, 512 (2nd Cir. 2012), Plaintiff did not alleged that he was forced to work. (*See generally* (#1-1) at 7 (stating that he was merely detained)). Because it is clear from the face of Plaintiff's complaint that his

Thirteenth Amendment claim cannot be cured by amendment, *see Cato*, 70 F.3d at 1106, the court finds that Plaintiff's Thirteenth Amendment claim (Count IV) should be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting in forma pauperis status shall not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS FURTHER RECOMMENDED that Las Vegas Metropolitan Police Department be DISMISSED WITH PREJUDICE as a Defendant.

IT IS FURTHER RECOMMENDED that Plaintiff's Fifth Amendment claim (Count III) and Thirteenth Amendment Claim (Count IV) be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk of the Court shall file the Complaint, issue summons to the defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER RECOMMENDED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER RECOMMENDED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE