**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG JEREMY RICHARDSON,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, et al.,<br><br>　　　　Defendant(s). | 2:13-CV-1481 JCM (VCF) |

**ORDER**

Presently before the court is defendant Jeremy Jacobitz's motion to dismiss.  (Doc. # 13). Plaintiff Craig Richardson has responded (doc. # 20) and defendant has replied (doc. # 23).

**I.     Background**

This matter stems from plaintiff's arrest on September 4, 2012.  Acting *pro se*, plaintiff's complaint initially contained allegations of violations of his First, Fourth, Fifth, and Thirteenth Amendment rights by the Las Vegas Metropolitan Police Department ("LVMPD") and individual LVMPD officers Jacobitz and Kvam.  The court screened the complaint and dismissed plaintiff's Fifth and Thirteenth Amendment allegations.

Defendant Jacobitz has filed the instant motion seeking dismissal of the claims against him in his official capacity as redundant.

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

**James C. Mahan**
**U.S. District Judge**

1  be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
2  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*
3  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
4  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
5  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
6  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus,
7  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim
8  to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

9        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
10  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
11  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
12  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
13  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
14  allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
15  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
16  liable for the alleged misconduct. *Id*. at 1949.

17        Where the complaint does not permit the court to infer more than the mere possibility of
18  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
19  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
20  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

21  **III. Discussion**

22        As an initial matter, the court acknowledges that the complaint was filed *pro se* and is
23  therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document
24  filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be
25  held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and
26  citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more
27  favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th

28

**James C. Mahan**
**U.S. District Judge**

1  Cir.1986).

2      The complaint indicates that plaintiff is suing Jacobitz in both his individual and official
3  capacities. However, claims against an individual in their official capacity are the functional
4  equivalent of a suit against the entity of which he is an agent. *Kentucky v. Graham*, 473 U.S. 159
5  (1985). Thus, the official capacity claims against Jacobitz are duplicative and are hereby dismissed
6  as redundant. *See Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty Sheriff Dept.*, 533 F.3d
7  780, 799 (9th Cir. 2008).

8      Accordingly,

9      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to
10  dismiss (doc. # 13) be, and the same hereby is, GRANTED.

11      DATED July 2, 2014.

13                                                **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**